## Case No. 5,859.

### GUIDET v. PALMER et al.

[10 Blatchf. 217; 6 Fish. Pat. Cas. 82.][1]

Circuit Court, E. D. New York.   Nov. 19, 1872.

#### PATENTS — VALIDITY — PUBLIC ACQUIESCENCE—LAPSE OF TIME—PRESUMPTIONS—PROVISIONAL INJUNCTION.

1. Mere lapse of time is not sufficient to show public acquiescence in a patent; but the acquiescence must be attended with circumstances indicating that such acquiescence would not have occurred if any fair doubt had existed as to the validity of the patent.

2. The plaintiff had a patent for a pavement, and had been employed to lay some fourteen miles of it by the authorities of the cities of New York and Brooklyn, during the past four years. No other acquiescence was shown: *Held,* that that was insufficient to raise a presumption in favor of the validity of the patent.

[Cited in Corbin Cabinet Lock Co. v. Yale & Towne Manuf'g Co., 58 Fed. 565.]

3. Facts stated, which warranted the refusal of a provisional injunction to restrain the infringement of a patent, where the public interest was concerned.

Motion for preliminary injunction. Suit brought [by Charles Guidet against Lorin Palmer and others, composing the department of city works of the city of Brooklyn], upon letters patent [No. 85,814], for an "improvement in pavements," granted to complainant [Jan. 12, 1869], and reissued to him, August 23, 1870 [No. 4,106]. The circumstances of the case, and the nature of the questions involved, sufficiently appear in the opinion of the court.

George Harding and Benjamin F. Tracy, for plaintiff.

William C. De Witt, for defendants.

BENEDICT, District Judge. This case comes before me upon a motion which has been treated by counsel on both sides as a motion for a temporary injunction to restrain the department of city works of the city of Brooklyn, from executing, on behalf of the city of Brooklyn, a contract for repaving Henry street in accordance with certain specifications on file in the office of the department, which contract the department has advertised as open for proposals. A pavement laid in accordance with such specifications will, as the plaintiff insists, be an infringe-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and the opinion are from 10 Blatchf. 217, and the statement is from 6 Fish. Pat. Cas. 82.]

ment upon a patent issued to him, and known as reissue No. 4,106, granted August 23d, 1870.

The rules by which the courts of the United States are governed in applications of this class are well settled, and need not be re-stated here. The first question arising upon such a motion, where, as in this case, the patent in question has never been adjudged valid in any action, is, whether the plaintiff shows such a public acquiescence in his claim as raises a presumption in favor of the validity of his patent. The bill avers an undisturbed possession, use, and enjoyment of the exclusive privileges described in the patent, and the affidavits show that the plaintiff has been employed to lay some fourteen miles of his pavement in the cities of New York and Brooklyn, during the past four years. No other instances of a recognition of his claim are stated, nor have any licenses to use the plaintiff's pavement been granted by him, it being his plan to derive advantage from his patent by laying his pavement himself, as he is prepared to do. In determining whether these facts are sufficient to show such a public recognition of the plaintiff's claim, as the law demands, it is to be considered, that mere lapse of time is not sufficient. The acquiescence in the patent must be attended with circumstances indicating that such acquiescence would not have occurred, if any fair doubt had existed as to the validity of the patent. The nature of this plaintiff's invention, and the circumstances under which he has been employed to lay it down, become, therefore, important; and it is to be noticed, that the patent is for a heavy stone pavement, required only on the great thoroughfares of large cities. No private persons can be supposed to have had occasion to consider the plaintiff's claim. Of the cities likely to use such a pavement, so far as the papers before me show, none have dealt with the plaintiff except New York and Brooklyn, and, in those cities, the plaintiff's employment has occurred within the past four years. Under how many contracts with those cities the pavement has been laid, is not stated, nor whether, in the instances referred to, the plaintiff obtained the contracts by private award, or as the sole, or a competing, bidder for contracts publicly advertised. The price paid to the plaintiff exceeds, by some thirty-four per cent., the price at which other parties have offered to lay down the pavement called for by the specifications here in question. I am to say, therefore, whether the fact that persons in authority in the cities of New York and Brooklyn, during the past four years, have, in these instances, employed the plaintiff, at his price, to lay his pavement, warrants the conclusion that the validity of his patent is free from reasonable doubt. To my mind, such action of the authorities of these two cities, within the period referred to, does not lead to such a conclusion, and is wholly insufficient to raise a presumption in favor of the validity of the patent. For aught that appears, the plaintiff

was the only bidder in the cases where he was employed, or he may then have been the lowest bidder, or the necessities of the department may then have been such as to make his employment a necessity, without any reference to his patent; and, even if his claim had, in these instances, been distinctly recognized by the authorities, that would not work as an estoppel on the city, nor require me to presume that the validity of the patent is free from doubt. The absence of facts sufficient to raise that presumption, in this case, must be held fatal to the present application.

Furthermore, it appears that Henry street can be paved, under bids received for the proposed contract, at a price less, by some $8,000, than the price charged by the plaintiff for his pavement; and specifications laid before me by the plaintiff, on this motion, contain a provision, whereby the contractors for Henry street will be liable to save the city harmless from any claim of the plaintiff arising out of the laying of the pavement proposed. It is manifest, therefore, that, if the injunction now asked for be granted, the city will be compelled to pay for the Henry street pavement some $8,000 more than it can be procured for under the contract proposed, while, if the injunction be denied, no loss will come either to the plaintiff or the city, because the city of Brooklyn is always to be found, and will always be able to respond to the plaintiff in any damages which he may become entitled to claim by reason of any infringement of his patent, while the contractors must, in turn, respond to the city for any sum so recovered. Such a result of an injunction is sufficient to require its refusal, in a case like this, where the public interest is concerned. The motion is, therefore, denied.

[For other cases involving this patent, see note to Guidet v. Barber, Case No. 5,857.]