## ONDERDONK *v.* FANNING and another.

*(Circuit Court, E. D. New York.* ———, 1880.)

1. INFRINGEMENT—PRELIMINARY INJUNCTION.—A motion for a preliminary injunction will be granted to restrain the manufacture and sale of lemon squeezers with a conical or flat bed, upon the ground that they infringe a patent for similar lemon squeezers with a convex bed, where such patent was issued originally to the defendant and sold by his wife, together with the tools and stock, to the plaintiff.

2. SAME—NOVELTY—VENDOR AND VENDEE—In such case, on such motion, the defendant will not be heard to dispute the novelty or utility of the invention described in the patent.

*Foster, Wentworth & Foster,* for plaintiff.

*E. H. Brown* and *E. M. Wight,* for defendants.

BENEDICT, D. J. This case comes before the court upon a motion for a preliminary injunction to restrain the defendant from making and selling certain forms of lemon squeezers, upon the ground that they infringe upon a patent for an improvement in lemon squeezers issued to Josephine P. Fanning and Isaac Williams, as assignees of the defendant John Fanning, dated July 15, 1879, and numbered 217,519.

The plaintiff's patent was originally issued upon the application of the defendant and his oath that he believed himself to be the original and first inventor of the improvement described in the patent issued in accordance with such application. Subsequently Josephine P. Fanning assigned her one-half interest in the patent to the plaintiff. Thereafter Isaac Williams assigned to the plaintiff the undivided third part of his interest in the patent. Williams, having refused to join as complainant in the bill, has been made a defendant; but John Fanning alone is charged with having infringed the patent.

There is no controversy in regard to the description of the machines which the defendant John Fanning is making. They are in two forms, each form precisely similar to the machine described in the plaintiff's patent, with the single exception that the perforated bed, on which the lemon is placed when subjected to the action of the presser, is in one case slightly

conical in form, and in the other flat, while in the plaintiff's machine this bed is slightly convex. Upon a motion like the present, when the defendant is the original inventor of the plaintiff's machine, upon whose application the patent was issued, and where the patent was sold to the plaintiff under the circumstances stated in the moving papers, no injustice will be done by refusing to permit the defendant to be heard to dispute the novelty or utility of the invention described in the patent. The only question that I feel bound to consider upon this motion is whether the machines being made by the defendant constitute an infringement of the plaintiff's patent upon which the plaintiff sues. The contention on the part of the plaintiff is that these machines do infringe upon the third and fourth claims of that patent. These two claims of the plaintiff's patent are for a combination of certain old elements in such a way as to produce certain results. As before stated, the defendants' machines present the same elements, combined in the same way, as in the plaintiff's machine, save only that in the defendants' machine the form of the bed is different. In regard to the machines made by the defendant, wherein the bed is slightly conical, it has been but faintly denied that the action of the machine is substantially similar to plaintiff's machine. It is manifest that it produces the same result in the same way. The conical bed in the defendants' combination is the equivalent of the convex bed in the plaintiff's combination. No invention was required to substitute a conical bed for a convex bed, nor was any different result attained thereby. This form of machine, therefore, is an infringement upon the plaintiff's patent, and as to this form the plaintiff is entitled to an injunction. In regard to the other form of machine made by the defendant, where the perforated bed is flat instead of convex, as in the plaintiff's machine, the identity is not so obvious as in the case of the conical bed, but I incline to the opinion that this form is also an infringement upon the plaintiff's patent. The effect of the convex form of perforated bed in the plaintiff's machine is to spread the lemon when subjected to the action of the presser; and there is evidence in the moving

papers that a lemon placed upon a flat bed of the defendant's machine, when subjected to the operation of the presser, will be spread out in the same manner as in the machine when the bed is convex. If this be the fact, all the other points of the machine being the same, it is not seen how it can be successfully contended that making the bed flat instead of slightly convex, as in the plaintiff's machine, changes the combination or avoids the plaintiff's patent. But it is said if a flat bed be held to be the equivalent of a conical bed, the plaintiff's patent is void for want of novelty; and several patents have been put in evidence which it is supposed anticipate the plaintiff's patent, unless it be confined to the convex bed. I do not, however, discover in any one of these prior patents the combination described in the third and fourth claims of the plaintiff's patent, considering these claims to cover a combination having any form of perforated bed that will spread the lemon when subjected to the action of the presser. But if there be a doubt here, the plaintiff is entitled to the benefit of it upon the motion. Under the circumstances of this case, equity requires that the defendant, upon whose application the plaintiff's patent was granted, and whose wife sold the patent, together with tools and stock, to the plaintiff, and who is wholly insolvent, should not be permitted to make machines so nearly similar to that described in the plaintiff's patent, and, by disposing of them at a lower price, destroy the value of the property bought of his wife, until his right to do so has been established by final decree, and this the more when, as here, the defendant is the only person who disputes the plaintiff's claim to the exclusive right to make such machines.

The motion for injunction is therefore granted.