---

### BABCOCK et al. v. CLARKSON et al.

#### (Circuit Court, D. Massachusetts. November 22, 1893.)

#### No. 3067.

1. PATENTS—LIMITATION.
> The rejection of claims on the ground that they cover a function, and the substitution of others which cover the mechanism for producing the result, do not import a limitation of the patent.

2. SAME—PRIOR ART—JUMP SEATS.
> The Clarkson jump seat, (patent No. 300,847,) in which there is a combination of a falling tailboard and two seats, so connected by levers and hinges that the movement of the tailboard upwards will drop the rear seat out of use, and move the front seat backwards, so as to preserve the proper center of gravity, is not a pioneer invention, and the patent is not infringed by a combination having similar movements, but which leaves the back seat in use, instead of taking it out of use.

In Equity. Suit by Frank A. Babcock and others against Joseph T. Clarkson and others for infringement of a patent. Bill dismissed.

Edward P. Payson, for complainants.
Thomas W. Porter, for respondents.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of letters patent No. 300,847, issued June 24, 1884, to Joseph T. Clarkson for jump seat. The respondents deny the title of the complainants, but I have not found it necessary, for the present purpose, to consider this question. The patent is for a folding or turn-down seat and a sliding seat of a carriage. The claims alleged to be infringed are as follows:

"(1) The combination of pivotal tailboard, b, rod, a, pivotal lever, c, and sliding seat, d, substantially as specified."
"(3) The combination of a sliding front seat and a rear turndown seat, thereto hinged, with automatic devices, arranged to simultaneously actuate said seats, substantially as specified."
"(5) The combination of a hinged tailboard, a sliding front seat, a rear turndown seat, hinged to such front seat, with devices connecting said tailboard

and seats, whereby the opening and closing of said tailboard will actuate said seats in the manner described.

. "(6) The combination of a sliding front seat and a rear seat hinged thereto, and arranged to be vibrated upward and downward upon its hinges as the front seat is slid backward and forward, substantially as specified."

The alleged infringing device is shown in the drawing annexed to letters patent No. 497,765, issued May 23, 1893, to Joseph T. Clarkson for shifting-seat carriage.

The respondents, in the second place, contend that they do not infringe, because the patent is so limited as not to cover their device—First, by the voluntary action of the patentee in the patent office; and, secondly, by the prior state of the art. As to the first point, it is shown that the claims of the patent as first drawn and presented to the patent office were as follows:

"First. The automatic mechanism before described, whereby the seats in a vehicle may be changed by operating the rear footboard, or by being operated in connection with the same, substantially as and for the purpose described.

"Second. The combination of an automatic jump seat with a body for use on two-wheeled vehicles, wherein by any mechanism the seats and rear footboard are operated together, substantially as and for the purpose hereinbefore specified and set forth."

The commissioner rejected the application with the following words:

"The claims must be for the particular mechanism of the invention, and not for its function,—the accomplishment of a particular result. The application is therefore rejected."

The patentee thereupon struck out the claims, and substituted those which now appear in the patent. I do not think, however, that the above-quoted words of the commissioner require the patentee to limit his invention, but rather that they specify the form in which he shall make his claim; that is, by claiming the mechanism, rather than its function. There being no requirement that the claims shall be limited, it follows that the words substituted in pursuance of the requirement cannot be held to import a limitation. As to the defense founded on the prior state of the art, the respondents cite the patents to Wood, No. 105,758; Aspinwall, No. 134,452; Morrill, No. 274,633; Chapman, No. 227,612; Minard, No. 34,261; Angus, No. 252,411; Bink, No. 214,547; Theakston, No. 253,238; Wells, No. 285,450; Bauer, No. 283,370; Jackson, No. 265,606; Fawcett, No. 272,420; Gale, No. 204,891; and the English patent to Mordecai Robert Maythorn, No. 601, of March 6, 1871. From these it appears that it was known that there might be jump seats and sliding seats and falling and swinging tailboards; that the back of one seat might be turned down to form another seat; that one seat, when not required for use as a seat, might be swung up so as to form a back for another seat; that one seat might be moved out of the way, and serve no purpose, while the other seat alone was used; that either seat might be connected with the tailboard by levers so as to have a correlative motion therewith; and, finally, that when one seat is moved so as not to be in use, the other seat may be moved so as to keep the center of gravity of the load in

substantially the same place as before, as appears in the patents to Aspinwall and Chapman.

Now, the patentee, stating his invention in the terms of his drawing and specification, has devised a combination of a falling tailboard and two seats, so connected by levers and hinges that the movement of the tailboard upwards will at once drop the rear seat entirely out of use, and move the front seat backwards so as to preserve the proper center of gravity. He claims that this is a pioneer invention, being the first mechanism in which the tailboard is connected with both seats, and must be so construed as to cover a combination of a falling tailboard and two seats so connected that the movement upwards of the tailboard will move the rear seat into position to act as a back to the front seat, and at the same time give the proper backward sliding motion to the front seat. In view of the state of the art, I think this construction of the patent is too broad. His invention seems to me not to be a pioneer invention, but only one step in the series of inventions in sliding and swinging seats and tailboards. He has, as it seems to me, selected out of all the known movements of these elements a certain set, which are made to result from his mechanical combination of devices. The carriage of the respondents seems to me to show another set of movements, and a mechanical combination which shall produce them. It is true that in both cases the movements of the rear seat are similar, in that they are upward and downward movements, but they are different in their character, inasmuch as one brings the seat out of use and the other leaves it in use. The functions performed by the two mechanisms are therefore different.

The bill must be dismissed, with costs.