CORBIN CABINET LOCK CO. v. YALE & TOWNE MANUF'G CO. et al.

(Circuit Court, D. Connecticut. November 23, 1893.)

Nos. 778, 779.

1. PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTION—ACQUIESCENCE.
When validity is denied, and the state of the art shows that the invention is at best a narrow one, proof of acquiescence on the part of purchasers alone, coupled with complainant's affidavit showing that the only large competing manufacturer was notified when he first brought out his goods that complainant claimed infringement, and that thereupon "negotiations were entered into which resulted in an arrangement satisfactory to complainant," whereby said competitor "was permitted to continue the sale of its goods," is not sufficient to show such acquiescence as will warrant a preliminary injunction, in the absence of any details of the alleged arrangement or any affidavit from the competitor in regard thereto; especially when complainant's former superintendent denies that any such arrangement was made at the time stated, or for several years afterwards.

2. SAME—ACQUIESCENCE—CIRCUMSTANCES TO BE CONSIDERED.
In determining the completeness of acquiescence, the fact that complainant and one other are the only large manufacturers of the class of goods in question, and that it requires a very large investment to make the necessary line of patterns, are circumstances to be considered.

3. SAME—VALIDITY—ESTOPPEL—PRELIMINARY INJUNCTION.
A patentee who has assigned his patent should not be allowed, when sued for infringement thereof, to prevent the operation of the estoppel applicable in such cases, merely upon his ex parte affidavit, presented on a motion for preliminary injunction; for the questions of consideration, good faith, and the effect of his action on the action of complainant, can only be satisfactorily determined by a hearing on the merits.

4. SAME.
The mere fact that an inventor, who has assigned his patent, subsequently becomes an officer in a corporation which is alleged to be an infringer does not render applicable to such corporation the estoppel which operates against him personally.

In Equity. Bills by the Corbin Cabinet Lock Company against the Yale & Towne Manufacturing Company and Frank W. Mix for infringement of patents. On motion for preliminary injunction. Granted as against said Mix only.

Mitchell, Hungerford & Bartlett, for complainant.
Betts, Atterbury, Hyde & Betts, for defendants.

TOWNSEND, District Judge. These are two motions for preliminary injunctions to restrain the infringement of letters patent No. 295,270 and No. 309,238, granted to the complainant, as assignee of the defendant Frank W. Mix, for improvements in locks and keeper plates. At the hearing the motion in the second suit was withdrawn. The motion herein considered is upon patent No. 295,270, dated March 18, 1884, for an improvement in piano locks. It is not an adjudicated patent, but complainant claims such acquiescence as should have the force and effect of a prior judgment. The defendants admit infringement, but deny either patentability or acquiescence.

It is not necessary to the disposition of the motion to discuss the evidence as to the prior state of the art. It has, therefore,

seemed desirable that the consideration of the question of patentable novelty should be deferred until final hearing. Sessions v. Gould, 49 Fed. Rep. 855. The facts as to acquiescence appear to be substantially as hereinafter stated. The complainant corporation has been engaged since 1882 in the manufacture of locks of the class to which the lock in suit belongs. The defendant Mix was superintendent of said company from 1882 until 1891. In 1884, shortly after the grant of said patent, the complainant commenced to advertise and put upon the market locks embodying the construction claimed in said patent. They sold readily, and the demand for such locks has since increased, "until the present sales thereof amount to many thousand dollars per annum," amounting altogether to nearly $200,000. Among complainant's purchasers have been large dealers in and makers of desks and similar articles of furniture, and they have, without exception, acquiesced in the validity of said patent. The sharpest and ablest competitor in complainant's business has heretofore been the Eagle Lock Company, of Terryville, Conn. These two concerns have, until recently, practically controlled the market in this class of locks. Prior to 1888, said Eagle Lock Company had bought desk locks from the complainant, to fill its orders. About five years ago said company brought out a lock which complainant claimed infringed said patent. Thereupon "complainant notified said company, and negotiations were entered into which resulted in an arrangement satisfactory to complainant, whereby said Eagle Company was permitted to continue the sale of its goods." No evidence upon this point, other than that contained in the above quotation, was presented by complainant. The Eagle Company has continued its manufacture of such locks down to the present time. The defendant Mix claims that the complainant had made no arrangement or agreement with said Eagle Lock Company concerning said locks prior to the time when he left the complainant company in 1891. No affidavit of the representatives of the Eagle Lock Company was produced.

The question is whether, upon these facts, the complainant has sustained the burden of proof of such definite public acquiescence as to raise a reasonable presumption of the validity of said patent. "Acquiescence, in reference to this subject, is a voluntary submission, against interest, to an asserted right." 3 Rob. Pat. § 1185. Such public acquiescence must be of that part of the public which is cognizant of the extent of the monopoly. Lantern Co. v. Miller, 8 Fed. Rep. 314; Tappan v. Bank Note Co., 2 Fish. Pat. Cas. 195; Sewing Mach. Co. v. Williams, Id. 133. But here the affidavits introduced to show acquiescence were made, not by manufacturers, but by dealers in cabinet furniture. They were made on printed blanks, and were as emphatic in the assertion of public acquiescence in the validity of the patent in the suit which was withdrawn as in that of the pending suit. There was no evidence of acquiescence on the part of any manufacturer of locks, other than as hereinbefore stated. The failure of complainant to state the details of its arrangement with, or to obtain an affidavit from, said Eagle Company, seems

most significant in view of the surrounding circumstances of the case.

That complainant and the Eagle Lock Company were, until recently, the only large manufacturers of this class of locks, and that it requires the investment of a great amount of capital to make such a line of patterns as are necessary in order to successfully carry on this business, are circumstances to be considered upon the question of the completeness of the acquiescence. Sargent v. Seagrave, 2 Curt. 553; Foster v. Moore, 1 Curt. 279; Guidet v. Palmer, 10 Blatchf. 217. I have been unable to find any case where such circumstances alone have been held equivalent to a previous adjudication, upon a contested hearing, in favor of the patent. It does not seem to me that a court ought to grant a preliminary injunction on such incomplete and indefinite evidence, where the validity of the patent is denied, the state of the art shows that the invention of the patent in suit is at best a narrow one, and where the financial ability of the defendant corporation has not been assailed. Standard Elevator Co. v. Crane Elevator Co., 56 Fed. Rep. 718.

But complainant claims that the defendants are estopped to deny the validity of the patent, because of the assignment to it by the defendant Mix, who is now an officer of the defendant company. The defendant does not deny the application of said doctrine to an assignor of a patent for a consideration, but it claims that said doctrine has no bearing upon the facts in this case. It appears that Mix, being in the employ of complainant, and believing himself to be the first inventor of an improved locking device, took said device to the solicitor of complainant, and authorized him to make an application therefor, in his name, but without any consideration other than that arising out of his employment. Owing to the citation of anticipations, the application was modified by complainant's solicitor so as to claim a patent upon narrower and somewhat different grounds from those stated in the original application. Whether, under these circumstances, any different rule should be applied, is by no means certain. Burdsall v. Curran, 31 Fed. Rep. 918; Cropper v. Smith, 26 Ch. Div. 700. But it does not seem that an assignor of an invention ought to be allowed, by his ex parte affidavit on such a motion, to escape the operation of the doctrine of estoppel. The questions of consideration, of good faith, and as to the effect of his action upon the action of complainant, can only be satisfactorily determined by a hearing upon the merits. Greenwood v. Bracher, 1 Fed. Rep. 858. These conclusions are supported by the cases of Barrel Co. v. Laraway, 28 Fed. Rep. 141, and Onderdonk v. Fanning, 4 Fed. Rep. 148. In the former case the defendant was the assignor of the patents in suit. But the opinion of Judge Shipman seems to indicate that the question of estoppel should not be determined in favor of an infringer upon ex parte affidavits. In Onderdonk v. Fanning, the infringer was the assignor of the invention before the issuance of the patent. There is no evidence which connects the defendant corporation

with the circumstances relied on to constitute an estoppel against the defendant Mix.

Let an injunction issue, restraining the individual action only of the defendant Frank W. Mix.