## FEDERAL ELECTRIC CO. et al. v. FLEXLUME CORPORATION.

(District Court, W. D. New York. November 2, 1925.)

1. Patents ⬲129—Licensee estopped to deny validity of patent during continuance of license.

A licensee is estopped to deny the validity of a patent during the continuance of the license, on questions arising out of the relationship between the parties.

2. Patents ⬲129—Estoppel of assignor does not prevent his proving prior state of art and scope of claims to assist court construing patent.

Though an assignor of a patent is estopped, as against his assignee, from attacking validity of a patent, it is open to him to prove the prior state of the art and the scope of the claims, and to assist the court in construction of patent which is subject of issue.

3. Trade-marks and trade-names and unfair competition ⬲84—Plaintiffs, suing for unfair competition, have a right to show invalidity of defendant's patent, where validity related to questions of unfair competition.

Where validity of defendant's patent is apparently related to question of unfair competition, which is the basis of suit, plaintiffs have right to show defendant's patent is invalid.

4. Patents ⬲290—Patentee cannot be compelled to enforce remedy for infringement.

A patentee has the right to sue for infringement whom he chooses, and cannot be compelled to enforce his remedy for infringement.

5. Trade-marks and trade-names and unfair competition ⬲84—On defendant's counterclaim in unfair competition suit, alleging validity of its patent and plaintiff's infringement, plaintiff could reply, denying infringement, because patent invalid.

Where defendant in suit for unfair competition, filed a counterclaim under equity rule 30, based on validity of its patent, and allegations of infringement, held, that plaintiff could by reply deny the alleged infringement on ground that patent was invalid.

In Equity. Bill for unfair competition by the Federal Electric Company and others against the Flexlume Corporation. On defendant's motion to strike out parts of reply. Motion to strike denied.

Clarence E. Mehlope, of Chicago, Ill., and Botsford, Mitchell & Albro, of Buffalo, N. Y., for plaintiffs.

Penney, Persons, Blair & Nye, of Buffalo, N. Y. (John S. Powers, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. The bill avers unfair competition arising from defendant threatening and intimidating plaintiffs' customers with suits for infringement of its patent No. 1,224,253, covering double-faced signs with letter plates of milk-white glass bearing raised letters, and falsely representing to the trade that it had brought suit for infringement against plaintiffs. In the bill there is contained a denial of infringement, an averment that defendant's patent is invalid, though admitting its validity was established in Flexlume Corp. v. Opalite Sign Corp. et al. (C. C. A.) 292 F. 98, and that additional evidence had been discovered since such decision to establish the invalidity of the patent.

Defendant's answer denies the essential averments upon which unfair competition is based, and sets forth a counterclaim particularly charging plaintiffs with unfairly competing with defendant in its business. In paragraph 23 defendant states that it had entered into an agreement or license with the Federal Sign System Electric Corporation, a corporation with which plaintiffs, or some of them, or successors of companies with which they were allied or associated, were in privity; that by such agreement or license defendant bound itself to protect the said licensee from infringement of its patent, and specifically that, if any infringing signs were made or sold by others in the territory included in the agreement, defendant by legal process would prevent such infringement. It is further averred that at the instance of the Federal Sign System Electric defendant brought suit against an infringing competitor, Opalite Sign Company et al., and the suit terminated in its favor, the patent being held valid in the Seventh Circuit (292 F. 98), and that during the entire life of the agreement defendant protected the licensee, or the Federal Sign System Electric, and its successors in privity with it, in the construction of electric signs of the class described in the patent; and therefore it is averred that plaintiffs, who were in privity with the Federal Company, are estopped to deny the validity of defendant's patent, or assert its prior use or anticipation.

To this answer plaintiffs replied, denying estoppel, particularly challenging the validity of defendant's patent, and, in short, setting up the statutory defenses usually found in patent suits to negative infringement. Thereupon defendant moved that paragraphs 19 to 22, containing such averments, be stricken out for impertinence.

The question is whether by its reply the patent has been subjected to litigation as to its validity and scope. It is true that ordi-

narily plaintiffs cannot bring into the case an issue of a statutory patent infringement upon a mere issue of unfair competition, but defendant in its answer has proffered a counterclaim based upon the validity of its patent, which plaintiffs have the right to answer with the sanction of the court. Equity rule 30 permits the answer to state as many defenses "in the alternative, regardless of consistency, as defendant deems essential to his defense," and defendant's plea of estoppel gives plaintiffs an opportunity to meet the counterclaim by denial, because of invalidity, or arising from scope of the claim. The question of estoppel, as it seems to me, can only be determined by the court upon the evidence adduced. It cannot be done on the pleadings. Just how far it will be shown that plaintiffs are concluded to challenge the validity of the patent is a question not here now for decision.

[1-5] A licensee is estopped to deny the validity of the patent during the continuance of the license on questions arising out of the relationship between the parties. Brown v. Lapham ( C. C.) 27 F. 77; H. Tibbe & Son Mfg. Co. v. Heineken (C. C.) 37 F. 686. And it is well settled that an assignor of a patent is estopped as against his assignee from attacking the validity of the patent, but it is nevertheless open to him to prove the prior state of. the art, the scope of the claims to assist the court in the construction of the patent which is the subject of the issue. Martin & Hill Cash-Carrier Co. v. Martin, 67 F. 786, 14 C. C. A. 642, and cases cited. This rule, I think, also applies to a licensee, and since the agreement or license between defendant and the Federal Sign System is concededly ended, it having expired in 1920, it is doubtful whether plaintiffs, who were claimed to have been in privity, are bound by its terms or implied admissions. However, this question need not at this time be decided. If the evidence in this case is insufficient to establish estoppel, then it seems to me that plaintiffs have a right to show that defendant's patent is invalid, its validity being apparently related to the question of unfair competition.

A patentee, it is true, has the right to sue for infringement ,whom he chooses, and indeed defendants here cannot be compelled to enforce its remedy for infringement. Celluloid Mfg. Co. v. Goodyear Dental Co., Fed. Cas. No. 2543. But as the rights of the parties herein, to some extent, at least, are claimed to depend upon the validity of the patent as averred in the counterclaim under

equity rule 30, and as to its infringement, I am of opinion that the reply denying infringement and negativing fraud is rightly pleaded. It is not thought that there exists any inconsistency in joining a counterclaim in an unfair competition suit with an infringement averment, for in American Mills Co. v. American Surety Co., 260 U. S. 365, 43 S. Ct. 149, 67 L. Ed. 306, it is said by the Supreme Court that rule 30 must be liberally construed, in order that it may serve its obvious purpose to facilitate speedy disposition of equity cases.

My holding, therefore, is that paragraphs 19 to 22 of plaintiffs' rely are fairly responsive to defendant's counterclaim and the particular relief sought by it. The motion to strike out for impertinence is denied.