## UNDERWOOD *v.* WARREN and another.[1]

*(Circuit Court, E. D. Missouri. September 17, 1884.)*

PATENTS—ESTOPPEL.

> A patentee is estopped, as against an assignee, to claim, in a suit for an infringement, that the patent assigned is invalid.

In Equity. Exceptions to parts of answer.

This is a suit for the infringement of a patent on an improvement on railroad-track drills, invented by the complainant. The bill alleges, in substance, that the patent claimed to have been infringed was issued to the complainant, and Andrew Warren and Perrin G. March, the defendants, while they were doing business together as partners; that their partnership was subsequently dissolved, and that upon its dissolution Warren and March assigned their interests in said patent to complainant for a valuable consideration, and that he then became, and still remains, its sole owner, and that since said assignments were made to complainant the defendants have manufactured and sold infringing machines, and still continue to do so.

The answer alleges, in substance, that complainant's patent is invalid. To this the complainant excepts, and raises the point that the defendants are estopped to deny the validity of said patent.

*G. M. Stewart,* for complainant.

*Parkinson & Parkinson,* for defendants.

TREAT, J. The bill alleges that the Underwood patent was issued to Underwood, Warren, and March, each one-third interest. It also avers sundry transactions between the respective parties, whereby said Warren and March conveyed all their interest therein to plaintiff for full consideration. This court, at its last term, examined at length all of the points substantially involved,[2] and held that the respective parties defendant were estopped from disputing the validity of plaintiff's right.

The exceptions, without resort to verbal criticism, are directed to the question of estoppel, and, under the allegations of the bill and answer with respect thereto, the ruling of this court, in the light of authorities there cited, must prevail, and the exceptions be sustained.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.
[2] See *Rumsey* v. *Buck,* 20 FED. REP. 697.