## AMERICAN PAPER BARREL Co. *v.* LARAWAY. (Two Cases. Nos. 516, 517.)[1]

*(Circuit Court, D. Connecticut. July 16, 1886.)*

1. PATENTS FOR INVENTIONS—INJUNCTION—INVENTOR ESTOPPED TO DENY ORIGINALITY OF HIS INVENTION.

    On a motion for a preliminary injunction to restrain an inventor and assignor of letters patent from infringing them, he is estopped to deny that he was the first inventor.

2. SAME—TERRITORIAL INTERESTS—RIGHTS OF OWNERS OF.

    The owner of letters patent for two counties in New York would not have the right to manufacture the patented machines in Boston for use in Ohio.

3. SAME—LIMITATION OF UNITED STATES PATENT TO EXPIRE WITH PRIOR ENGLISH PATENT.

    The fact that United States patents are not limited upon their face to expire with the life of a prior English patent is not held, in the second circuit, to affect their validity.

4. SAME—PRACTICE—AFFIDAVITS FILED OUT OF TIME NOT CONSIDERED.

    Where, by stipulation, the time within which evidence to show cause upon motions for preliminary injunctions was limited to expire on a certain date, and the hearing was to be had as soon thereafter as the court could give it, *held*, that affidavits filed after such date, without any stipulation or order of court permitting it, could not be considered.

5. SAME—MATTERS OF DEFENSE—ORIGINAL, WHAT ARE.

    That the patent sued on has expired by reason of the expiration of foreign patents for the same invention, is an original defense, and should not be left to be introduced as surrebuttal.

6. SAME—CONSTRUCTION OF CLAIM—INFRINGEMENT.

    A patent on a machine for making barrel heads from paper pulp contained a claim for "the combination of the piston, the resisting surface opposed to the piston, and the laterally removable matrix case, all substantially as described." The specification described the matrix case as made in sections, pivoted or hinged together. *Held*, that the hinged features of the matrix case were not a part of this claim, and that said claim was infringed by a combination of the same parts, operating in the same way, although the matrix case was made of a single piece.

Motions for Preliminary Injunctions.

Edited by Charles C. Linthicum, Esq., of the Chicago bar.

*William E. Simonds,* for plaintiff.
*David G. Gordon* and *Charles E. Mitchell,* for defendant.

SHIPMAN, J. These are two motions for preliminary injunctions in the above-entitled cases. No. 516 is a bill in equity to restrain the infringement of three letters patent, Nos. 206,396, 243,677, and 243,-678, respectively dated July 30, 1878, June 28, 1881, and June 28, 1881, all granted to the defendant, and assigned by him to the plaintiff; the first two being for improvements in the manufacture of barrel heads and other articles from paper pulp, and the third being for machinery for moulding barrels from paper pulp. No. 517 is a bill in equity to restrain the infringement of letters patent No. 258,236, dated May 23, 1882, issued to the defendant and Dwight Slate, assignees to the plaintiff, for a machine for moulding barrel heads from pulp.

On August 1, 1876, the defendant assigned to the plaintiff, a corporation established for the purpose of manufacturing barrels from pulp, an invention specified in an application for a patent which had previously been made, and agreed to assign to it all inventions, applicable to paper pulp vessels, which he might make during seven years from that date. In pursuance of that agreement the patents in suit were assigned. From August, 1876, to January, 1884, the defendant was a director in said corporation, and, during substantially the same period, was in its employ as superintendent of machinery upon a salary varying from $1,000 to $2,500 per annum. The salary ceased on December 15, 1883. A serious difficulty seems to have existed between the defendant and S. M. Hotchkiss, an officer of said corporation, and the former left its service, and for most of the time since has been occupied in Boston in the manufacture of pulp barrel machinery. On December 2, 1884, two letters patent, Nos. 308,615 and 308,616, for such machinery were issued,—the first to the defendant and W. P. Laraway, assignors to the defendant and John F. Seiberling; the second, to the defendant, assignor to the same two persons.

## SUIT No. 516.

The important novel features of construction contained in the machinery which is described in Nos. 206,396 and 243,677 are specified by the patentee as follows:

"*First,* the idea or principle of perforated movable walls, which will compress the pulp, and express the water; *second,* the combination of the side compressors with the interspace compressors; *third,* the mould, so constructed that the sides and one end of the hollow article can be formed and compressed at once."

The important feature of No. 243,678 was a matrix, composed of hinged inner staves and outer staves radially moving inwardly; the interspaces being provided for by interstaves, both inner staves and

outer staves being perforated; the outer face of the inner staves, and the inner face of the outer staves, being grooved, and covered with a finely-perforated mould face.

The defendant sets up in his affidavit a variety of defenses, viz.: That the claims of Nos. 243,677 and 243,678 were anticipated by a patent to Wheeler & Jerome; that the machine described and claimed in No. 243,678 was in public and open use in Medina, New York, for two years before the date of the application for said patent; that the defendant is equitably entitled to have the title to the three patents for the counties of Orleans and Niagara, in the state of New York, conveyed to him, which the plaintiff refuses to do; that the plaintiff aquiesced in the defendant's manufacture; that he is a workman employed by the day, and has no interest in the new machine; that a British patent to one Lake, dated June 25, 1877, was granted for the subject-matter of the three patents, and that the American patents are not limited on their face to expire with the Lake patent, and are therefore void; and that the new machine does not infringe.

Mr. Laraway's antagonism against the persons with whom he was formerly associated has led him to unnecessarily decry his own inventions.

No time need be spent upon the alleged anticipation by the Wheeler & Jerome patent. Mr. Laraway was the assignor of the patents in controversy, and upon this motion he is estopped from saying that he was not the first inventor. Indeed, this point was not made in the argument.

The alleged public use of the Medina machine is in conflict with Mr. Laraway's statements as an applicant for a patent, and with his testimony upon a question of interference. The affidavits in the case lead me to the opinion that his former statements were correct.

Considerable space is given in the affidavits to the alleged equitable title of Laraway to two New York counties. I do not deem it wise to settle this difference upon *ex parte* affidavits. If the defendant's claim is true it affords no excuse for his manufacturing in Boston infringing machines to be used in Ohio; and, as it is stoutly denied, the doctrine that he who seeks equity must do equity will hardly allow a court to permit the defendant to continue infringement until the merits of this controversy have been thoroughly ascertained.

The points in regard to acquiescence by the plaintiff, or that Laraway is employed by the day, and has no interest in the machine, are not of sufficient importance to spend time upon. His position in regard to the infringing mechanism is very different from that of a person who works under the orders of another, without any pecuniary interest in the machine upon which he works.

The fact that United States patents are not limited upon their face to expire with the life of a prior English patent is not held, in this circuit, to affect the validity of the United States patents. *Canan* v. *Pound Manuf'g Co.*, 23 Fed. Rep. 185.

The question of infringement is the one of importance. If the defendant has built in Boston but one set of machinery, it was at one time constructed in accordance with his patent, No. 308,615, of December 2, 1884. He says that the machine "which is complained of" is not in accordance with that patent, in that it does not have the interspace compressors therein described, but has, instead, the spring plates of the Wheeler & Jerome patent, and that these interspace compressors are unperforated. He intends it to be understood that he has been engaged upon only one set of machinery. If that is true, it is also true that the machine contained, in July, 1885, the interspace compressors of patent 206,396, and was made like the other two patents in controversy, and had the continuous series of perforated external side compressors of No. 243,677, and that it infringed the third claim of No. 206,396, the first, second, and third claims of No. 243,677, and all the claims of No. 243,678.

If the defendant has altered the original machine in accordance with the statements in his affidavit, it infringes the first, second, and fifth claims of No. 243,678. I do not thoroughly understand Mr. Laraway's account of the construction of the machine, so far as the fifth claim is concerned. His affidavit does not give a clear statement of the way in which he makes the inner core; but, so far as I can understand it, the fifth claim is infringed.

The orders to show cause upon these motions were dated March 18, 1886, and were returnable on March 26th. On that day, upon the defendant's motion for further time, it was ordered that he should have till April 5th to file answering evidence, and that the plaintiff should have until April 9th to file rebutting evidence. On April 5th the respective counsel stipulated that the defendant should have till April 12th to file his evidence, and that the plaintiff should have till April 19th to file rebutting evidence, "and that hearing shall then be had as soon as the court will hear us." Affidavits on both sides were filed accordingly On April 30, 1886, without any further stipulation, and without any order or consent of the court, the defendant filed seven affidavits in reply to the plaintiff's rebutting affidavits, and which relate to some one of the defenses which have been mentioned, other than non-infringement. They are mostly cumulative; in some instances stating alleged facts in addition to those previously stated. The case must rest entirely upon the affidavits that were previously presented. In them the defendant should have stated his entire defense, which should not be divided into fragments.

The defendant also filed, on April 30th, a Canadian patent issued to him October 11, 1876, for five years, which it is said was for the same invention described in the three American patents, and, having expired, the American patents expired also in October, 1881, three and one-half months after two of them were issued. This was an original defense, and should not have been left to matters of surre-buttal. Ample time was given for the preparation of the defense.

I shall not, therefore, consider the questions that may arise upon this patent.

## SUIT No. 517.

The matrix case of No. 258,236 is thus described by the patentee in his specification:

"It consists, speaking generally, of a band or ring, which forms the periphery, exterior, or circumference of the barrel head, which is within or forms a part of the piston chamber while a barrel head is being formed, has the barrel head formed within it, and, after the head is formed, is removed from the piston chamber, carrying the barrel head, and the barrel head then taken from it. This hoop, ring, or band is made in sections, $k$, $k$, $k'$, $k'$, pivoted or hinged together. Sections $k$, $k$, are pivoted together by pivot, $l$. Sections $k'$, $k'$, are hinged to sections, $k$, $k$, by pivots, $l'$, $l'$, in order that the hoop may be opened to remove a barrel head. This barrel head is in shape a disk, with a turned-up peripheral rim; in other and general terms, a round box with very low walls or sides."

The first claim of the patent, and the only one which is said to be infringed, is as follows: "The combination of the piston, the resisting surface opposed to the piston, and the laterally removable matrix case, all substantially as described, and for the purpose specified."

The defendant says, in substance, that the part of his machine which corresponds to the matrix case, the whole machine being described in No. 308,616, is a shallow pan, called in the patent "a drawer," formed from a single piece of metal, having flaring sides, and removable vertically from the machine when the barrel head has been formed. His machine has the piston and the resisting surface of No. 258,236. It has a laterally removable matrix case or pan, made of a single piece, instead of being made in sections, because the barrel head is shaped differently from that of the former patent; but the hinged feature of the matrix case is not a part of the first claim. There is no substantial difference between the two devices, so far as the first claim is concerned.

Let there be a temporary injunction restraining the infringement of the third claim of No. 206,396, the first, second, and third claims of 243,677, the five claims of 243,678, and the first claim of 258,236.