FORCE v. SAWYER–BOSS MFG. CO. et al.

(Circuit Court, E. D. New York. November 15, 1901.)

1. PATENTS—VALIDITY—ESTOPPEL TO DENY.

All persons who join in the sale and assignment of a patent, or participate in the consideration received therefor, are estopped to allege its invalidity, and a corporation of which such persons own all the stock is equally estopped.

2. SAME—INFRINGEMENT—NUMBERING MACHINE.

The Sawyer patent, No. 462,065, for a numbering stamp, held infringed as to claims 1 and 2.

In Equity. Suit for infringement of patents. On final hearing.

William E. Warland, for complainant.

H. Albertus West, for defendants.

THOMAS, District Judge. The bill is filed to enjoin the defendants from infringing two certain letters patent, one of which, to wit, No. 462,065, issued October 27, 1891, is alone the subject of present controversy. The defendant is a business corporation, formed by Willard W. Sawyer, Robert A. Stewart, Thomas H. Boss, and George T. Holihan, who own all the stock of such corporation, and are its sole officers and directors. Previous to the formation of the corporation, all of such persons, either directly or indirectly, concurred in the sale of said letters patent to the complainant, and by reason of such sale, or by participation in the consideration received therefor, are estopped from averring the invalidity of the patent. Rob. Pat. 787, 984, 1021; Curran v. Burdsall (D. C.) 20 Fed. 835; Underwood v. Warren (C. C.) 21 Fed. 573; Purifier Co. v. Guilder (C. C.) 9 Fed. 155; Barrel Co. v. Laraway (C. C.) 28 Fed. 141; Woodward v. Machine Co., 8 C. C. A. 622, 60 Fed. 283. The defendant corporation is estopped by this act of the persons who created, direct, and own its capital stock, and are its sole directors and officers. National Conduit Mfg. Co. v. Connecticut Pipe Mfg. Co. (C. C.) 73 Fed. 491. Thus all the persons interested in the sale and in privity with the assignor are estopped, as against the assignee. Daniel v. Miller (C. C.) 81 Fed. 1000; Parker v. McKee (C. C.) 24 Fed. 808.

The remaining question relates to the defendants' infringement. The device is a numbering machine. The defendants' construction, as regards claim No. 2, is identical with that of the complainant, and is as follows:

"(2) In a stamp, the combination of a main frame, a longitudinally movable rod fitted thereto, and carrying similarly spaced numbering wheels, slots in said rod, a cross pin connected to the main frame, and passing through said slots, and an enlargement in one of said slots for receiving an enlarged portion of said pin to lock the rod in its depressed condition, substantially as specified."

In view of the validity of the patent as herein ascertained, infringement of that claim must be declared without further discussion. Claim 1 is as follows:

"(1) In a stamp, the combination of a main frame, a series of similarly spaced numbering wheels, corresponding ratchet wheels, detents for these numbering wheels and ratchet wheels operating radially within a support, pawls for imparting motion to said ratchet wheels, a movable yoke sustaining the numbering and ratchet wheels, a frame-like lever carrying the pawls and pivotally connected to said yoke and also to the main frame, and an inking lever fulcrumed to the main frame, and pivotally connected between its ends with the said lever which moves the pawls, substantially as specified."

In the defendants' machine the construction is such that the inking pad and the operating pawls are both on the same side of the machine, while in the complainant's device they are upon opposite sides. The argument, as regards this claim, relates chiefly to the words, "a frame-like lever carrying the pawls, and pivotally connected to said yoke, and also to the main frame." The specification indicates that the frame-like lever should be of such shape

as would carry the inking pad to the side of the machine away from the actuating pawls. The defendants have changed the shape of such lever so as to carry the inking pad to the same side of the machine as the actuating pawls. This is a mere change in the shape of the lever, whereby the inking pad is changed from one side of it to the other. There is no change in the mode of operation or the results attained. It is considered that this claim is valid, even when considered in connection with the Reinhardt patent, No. 425,581, and that the defendants should be enjoined from infringement thereof by the construction of their present device.