## AMERICAN MACHINERY CO., Inc., et al. v. EVEREDY MACH. CO. et al.

District Court, E. D. Pennsylvania. October 22, 1929.

No. 4509.

Fraley & Paul, Henry N. Paul, and Henry N. Paul, Jr., all of Philadelphia, Pa., for plaintiffs.

Joshua R. H. Potts and T. B. Humphries, both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. Through a misunderstanding there has been no ruling in this case. We reurge upon counsel, whenever a case is not promptly disposed of, to call the omission to our attention. We well understand the reluctance of counsel to do this, but we will be grateful to them when they do so.

The cause concerns letters patent No. 1,648,554, dated November 8, 1927, issued to the plaintiff, as assignee of James F. McGhee and Trued B. Lundin. The patent relates to an improved measuring and dispensing machine used by bakers. This particular make of machine is referred to as the "M. & L. filler." A question is presented at the threshold of the case, the disposition of which we had hoped might very much shorten the discussion, by avoiding the need to go into the other questions of validity and infringement as questions of fact.

■ The defense is the usual one of a denial of validity and infringement. The first question referred to is whether the defendants are estopped from denying validity. If they are, the question of validity is set at rest, and the sole question becomes that of infringement. This would probably be the present situation, except for a misunderstanding by the trial judge of the trial situation. There are three defendants named in the bill. They are the Everedy Machine Company, John R. Litty, and Trued B. Lundin. Early in the course of the trial the plaintiff moved to dismiss the bill as against Litty. This was asking for leave to do what at law would be a discontinuance of the action as against Litty. The trial judge understood an objection to have been interposed. It was thought there was nothing to be gained by a ruling at the time. Any discussion of the motion would have delayed the trial. The trial judge announced that he would hold the motion under advisement, to be disposed of after argument, along with the other issues in the cause. It appears now that the motion was not opposed, and that it was the intention of counsel for the plaintiff, if he had been permitted to drop Litty out of the case, to stand solely upon the doctrine of estoppel, and not to go further into the question of validity than the offer of the Letters Patent. Had we known this at the time, the motion would have been allowed. It is now allowed on the terms that Litty recover his costs up to the time of the motion made.

This brings us to the question of estoppel. The facts bearing upon this question are found to be as follows:

The Everedy Company was an incorporated body engaged in the business of dealing in baker's supplies, including appliances of the general kind with which we are here concerned. The plaintiff is a manufacturing company. It at first made these baker's appliances for the Everedy Company. Litty was a principal stockholder in the latter company, owning one-half of its capital stock. Lundin was in the employ of the plaintiff, but had no relations of employment or otherwise with the Everedy Company. The two companies later made a change in their mode of doing business. After that the plaintiff no longer made the appliances for the Everedy Company but for itself and the Everedy Company sold them as selling agent for the plaintiff. To facilitate the new method of transacting the business, the Everedy Company established its office in that of the plaintiff. Litty was the active manager of the Everedy Company, and thus all of the defendants came to know the business of the plaintiff and its customers, present and expectant. Lundin and another employee of the plaintiff claimed to have made an invention, for which they applied for the patent in suit, which invention they assigned to the plaintiff. Thereafter the plaintiff made, and the Everedy Company sold, the patented appliance.

Subsequently another change was made. There was a severance of the relations between the two companies, and later of the relations of Lundin with the plaintiff. The Everedy Company thereafter made and sold on its own account, and Lundin left the employ of the plaintiff and associated himself with the Everedy Company, becoming the owner of one-half of its stock. From this time on Litty and Lundin were the Everedy Company. The company was practically Litty and Lundin incorporated. Its board of directors was more or less a formality. Litty ran the sales end of its business, and Lundin the manufacturing end. They conferred with and consulted each other, but with no one else, as they, of course, felt themselves to be the only persons interested. The corporation became an illustration of the not uncommon organization of a partnership business incorporated.

The two corporations thus came to be rivals and competitors, instead of associates, in business. The plaintiff charges what to all intents and purposes is a conspiracy on the part of the defendants to rob the plaintiff of all benefit and advantage before enjoyed by it from its ownership of the patented appli-

ance. The infringement was in the view of the plaintiff aggravated by the situation to which the plaintiff was reduced. A rival was not merely making and selling the appliance of which plaintiff claims a monopoly, but was selling it to customers who had been the customers of the plaintiff. This has evoked a very vigorous denial. Infringement is itself denied. The customers in whom the plaintiff claims a proprietary ownership are said by the Everedy Company to have been its own customers, and the business done its business. Finally it is asserted that for several reasons the patent is of no validity.

The plaintiff, as before stated, meets the defense of invalidity by the averment that Lundin, as an assignor of the invention, and the Everedy Company, as a privy, are estopped from denying validity. If sustained in this, all questions are reduced to that of infringement. There is in every sale an implied warranty of title. It would be most inequitable for a vendor to make a claim to the property sold by a denial of the property right of the vendee. The property right here is the right to a monopoly. Clearly Lundin is estopped to deny validity, but just as clearly is free to deny infringement. The first question thus becomes whether the Everedy Company is likewise estopped, because of its privity with Lundin. Any one who is otherwise responsible cannot escape responsibility through the miserable expedient of setting up a puppet, in whose name and under guise of whom the forbidden thing is done. He is responsible for what he does, under whatever name or guise he does what he does. There is, however, another principle which has operation in cases in which corporations are concerned. In the case of a corporation infringer, its employees, nor even its officers, nor managers, are visited with personal responsibility. This is true, although such employee may have had full knowledge, and as such employee full concurrence, in the infringing act. This measure of concurrence and participation in the infringement does not render them liable. The supporting reasons for this ruling need no statement. Dangler v. Imperial Mach. Co. (C. C. A.) 11 F.(2d) 945.

These two principles bear upon the question of responsibility for infringement. Estoppel is a different doctrine and rests upon different considerations. The estoppel doctrine extends to parties and privies. The word "privity" implies co-operation, but it also includes the thought of sharing and of participation in profits. The doctrine applies to the act out of which the estoppel springs. Here this would be the assignment. There is no charge that the Everedy Company was concerned in the assignment. Infringement, however, is a tort. All who are parties to it are joint tort-feasors. A further doctrine is that, when one of two or more joint infringers is estopped from denying the validity of the patent of which he was the assignor, all the joint tort-feasors are likewise estopped.

The real question is, in consequence, whether the Everedy Company is a joint tort-feasor with Lundin. This comes to the question of whether the Everedy Company, as an infringer, is Lundin. It is, if it is "the creature, agent, or alter ego" of Lundin; otherwise, it is not. This is the doctrine of National Cash Register Co. v. Remington (D. C.) 283 F. 198 et seq., in which Judge Morris discusses with adequate fullness the principal cases. Robeson Process Co. v. Robeson (D. C.) 293 F. 70, presents the pivotal point. It is whether the Everedy Company was the puppet of Lundin, or, in Judge Morris' happily chosen phrase, his alter ego. This is likewise the doctrine of Universal Gypsum v. Haggerty (D. C.) 21 F.(2d) 544.

The question of estoppel thus turns upon a fact finding. Plaintiff bases his argument upon the fact that, after Lundin severed his relations with the plaintiff, he and Litty became the Everedy Company, through owning all its stock and directing its activities; Lundin having charge of the shop end and Litty of the sales end. They conducted its affairs without receiving any direction from any board of directors, and without any real control of what was done. As before stated, this situation was bound to exist, because Litty and Lundin owned all the stock. Something more than this, however, is needed to make a finding of such privity as would include the company in the estoppel of Lundin. It could not be found that the Everedy Company was the creature of Lundin. The company knew as much, and indeed more, respecting the business done by the plaintiff, than did Lundin. The fact found is that the company was making use of Lundin, rather than that he was making use of the company, although the truth is that Lundin was receiving through his stock ownership one-half of the profits of the business done by the company.

The case of Boston Lasting Mach. Co. v. Woodward (C. C. A.) 82 F. 97, is an illustration of the point we are attempting to make clear, although the ruling under the facts of that case goes further than we would

529

be willing to go under the facts of this case. It is true that "a mere subordinate" of the infringing company (as the Lundin of that case was held to be) could not be enjoined, unless his principal was likewise enjoined. The Lundin here was more than an employee of the Everedy Company. He was a stockholder, and as such received one-half of the profits of the infringing act of the company. If the patent was a valid one, the profits of its infringement by the company would be intercepted before they reached Lundin and would have gone to the plaintiff. As against the latter, the patent is valid, and the part of the profits from infringement, which would go to Lundin, seems to us belong to the plaintiff.

Aside from the question of infringement as against Lundin, no other question at present arises. Inasmuch, however, as we have held that the Everedy Company is not estopped, there is in the case, as against it, the question of validity, upon which it becomes necessary to pass. Validity is earnestly pressed and strongly denied. ▮ The already over-long discussion which we have given to the question of estoppel leaves no room for a discussion of the question of validity. We in consequence rest its discussion in the very competent hands of counsel, and content ourselves with a statement of the findings reached, which are as follows:

(1) The defendant Lundin is estopped to deny validity, but the Everedy Company is not so estopped.

(2) The letters patent are invalid, in view of the prior art, for want of invention.

(3) Infringement is found as a fact, so far as the letters patent are valid.

(4) The bill of complaint against the Everedy Company should be dismissed for want of equity upon the finding of the invalidity of the letters patent.

(5) The bill of complaint as against Lundin is sustained, the letters patent as against him being found to be valid.

(6) A decree against Lundin may be submitted, awarding an injunction against him, with costs, and dismissing the bill against the Everedy Company, each party to pay his own costs, the record costs to be paid by the plaintiff.

(7) The question of a decree against Lundin for damages and profits is for the present withheld, the court reserving jurisdiction of the cause to determine this question on motion for a further decree.

A decree in accordance herewith may be submitted, no decree being now made.