## UNITED STATES APPLIANCE CORPORATION v. BEAUTY SHOP SUPPLY CO., Inc., et al.

### No. 9616.

Circuit Court of Appeals, Ninth Circuit.

June 14, 1941.

Rehearing Denied Aug. 19, 1941.

Paul D. Flehr, of San Francisco, Cal., for appellant.

Oscar A. Mellin, of Oakland, Cal., for appellees.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a decree for the defendants entered by the United States

District Court for the Northern District of California, Southern Division, in an action for the infringement of U. S. patent No. 1,984,585 for hair waving apparatus issued to the plaintiff as assignee of the defendant Ralph M. Keele.

At the time of the trial the appellant relied upon the twelve claims of the patent in suit, except claims 8 and 9. Of these claims it states in its brief that claim 3 is typical and is as follows: "3. In permanent hair waving apparatus, a jacket adapted to be applied about a waving form, said jacket being formed of a single integral piece of resilient rubber, and a holder to which said jacket is detachably secured, said holder including opposed relatively movable members secured to opposed wall portions of the jacket."

It will be observed that this is a very narrow claim, consisting of but two very simple elements, one being a jacket of "a single piece of resilient rubber" to be applied over a "waving form", (a short rod known to the trade as a "curler") and a "holder" for applying this jacket. In practice this holder, or clip, consists of two pieces of metal hinged together and when in place held in closed position by a spring. Such a holder was previously known to the art. In using the device covered by the claim steam is allowed to enter the rubber jacket through a nipple in the rubber and to exhaust through another similar opening in the rubber jacket. The steam is conducted to the jacket by a tube from a boiler. The trade name of the plaintiff's complete outfit is "Pyro-mist". The use of rubber as a lining for the enclosing jacket was known in the art. Plaintiff's claim resolves into "the use of a jacket constructed of a single piece of resilient rubber" which, according to appellant's brief was "strongly urged as a feature of plaintiff's patent during its prosecution before the Patent Office" and was given particular significance by the Patent Office in allowing the claims.

The nature of the alleged infringement is thus stated in appellant's brief: "Specifically, defendant's Koolerwave device makes use of a single one piece jacket formed of resilient rubber, detachably secured to a holder, and adapted to be clipped upon a conventional croquignole curler to provide a steam space about the wrapped hair."

The answer of Beauty Shop Supply Company, Inc., and the other defendants alleged that plaintiff's claims here in suit were invalid by reason of having been previously patented in every essential part and gave notice that they would introduce in support of this allegation twenty-nine domestic patents and six foreign patents. It is unnecessary to consider all of these patents, although all were offered in evidence.

A consideration of these prior patents shows similar devices and it will be found that the patented device merely substitutes flexible rubber for other material used in the prior art to make a jacket. A substitution of one material with known characteristics for another material does not rise to the dignity of invention. Rubber Tip Pencil Co. v. Howard, 20 Wall. 498, 22 L.Ed. 410; Oliver-Sherwood Co. et al. v. Patterson-Ballagh Co., 9 Cir., 95 F.2d 70. Similar jackets are found in the prior art.

In 1926 one Gaire in his patent No. 1,601,655 used individual steam jackets to surround the curler and its coil of hair. Each jacket was composed of two semi-cylindrical metal halves hinged along one edge and clamped together with rubber meeting edges. McEwen's patent No. 1,-988,188 introduced a one piece metal jacket with nipples similar to those on plaintiff's device. Finally, Rene's patent No. 1,711,-177 appears to be essentially the same as plaintiff's except that, instead of using a one piece rubber jacket enclosed by spring-hinged clamps, it uses two pieces of metal.

We therefore hold that plaintiff's patent in suit is invalid for want of invention.

Defendants also claim that the patent in suit lacks utility. Apparently they overlook the fact that if their claim of success for an infringing device is true, as it no doubt is, then the defendants have demonstrated the utility of the device covered by the patent. The commercial failure of the appliance manufactured and sold by the plaintiff was not due to a lack of utility in the patented jacket and clamp, or holder, but to the cost and perhaps the inutility of the steam generating device used therewith. It is unnecessary to pursue the question of utility further in view of our decision that the device lacks invention over the prior art.

Estoppel.

Plaintiff, having purchased the patent from the inventor, claims that the

defendants are estopped from challenging its validity. That the assignor cannot attack the validity of an original patent is well settled (see Westinghouse Co. v. Formica Co., 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316) and defendants concede in their brief that the defendant Keele, as assignor, is estopped from interposing this defense. They deny, however, that this estoppel extends to any of the other defendants. But the decisions make it clear that it also extends to defendant Moseley, who cooperated with Keele in developing the Koolerwave device here under attack as an infringement. Continental Wire Fence Co. v. Pendergast, C.C., 126 F. 381; Climax Lock & Ventilator Co. v. Ajax Hardware Mfg. Co., C.C., 192 F. 126; Mellor v. Carroll, C.C., 141 F. 992; Frick Co. v. Lindsay et al., 4 Cir., 27 F.2d 59. And, since Keele and Moseley are estopped it follows that the Keelmo Company, formed by them for the purpose of advancing their interests in the Koolerwave device and owned or controlled by them in equal shares, is likewise estopped. Mellor v. Carroll, supra; Force v. Sawyer-Boss Mfg. Co., C.C., 111 F. 902; Automatic Draft & Stove Co., Inc. v. Auto Stone Works, D.C., 34 F.Supp. p. 472. Defendants, in support of their contention that the Keelmo Company is not estopped, rely upon American Machinery Co., Inc. v. Everedy Machine Co., D.C., 35 F.2d 526, and National Cash Register Co. v. Remington, etc., D.C., 283 F. 196; but neither of these cases is in point. In the first the vendor of the patent became a stockholder in the defendant corporation; in the second he became an officer of the corporation. The corporation was held not to be estopped in either case because of his relation thereto for in neither of them did it appear that the corporation was controlled by the assignor or his partner, as is the situation in the case at bar.

■ Defendants' final contention as to estoppel is that whereas Keele, Moseley and the Keelmo Company are but nominal defendants the real defendant is the Beauty Shop Supply Co., Inc., an independent dealer in beauty shop supplies on the Pacific Coast which distributes for the Rilling-Arnao Company of Minneapolis, the manufacturers of the alleged infringing device. Plaintiff meets this argument by contending that the evidence shows that the Beauty Shop Supply Company is the agent of the Rilling-Arnao Company which, though not a party to this action, is privy to the Keelmo Company under whose license it manufactures the alleged infringing device. In support of its contention that this company is the agent of the Rilling-Arnao Company plaintiff points to a contract between these companies as set forth in the record; but that contract fails to disclose any provision for an agency. In the absence of other evidence sufficient to establish such relationship it must be held that the defendant Beauty Shop Company, Inc., acted independently as a purchaser from the Rilling-Arnao Company and is not estopped from disputing the validity of plaintiff's patent by reason of its dealings with that company.

In view of the foregoing considerations pertinent to the matter of estoppel, we hold that defendants Keele, Moseley and Keelmo Company are estopped from contesting the validity of the patent in suit.

■ The next question, therefore, is as to whether the defendants' device infringes the patent, assuming its validity. This question is not without difficulty because even as against a vendor of the patent the claims of a patent must be construed in the light of the prior art and be construed narrowly or broadly in accordance with that art. Westinghouse Co. v. Formica Co., supra. The claims in suit are so narrowed by their terms that they apply only to the use of resilient rubber to form the jacket within the holder. The defendant uses such rubber in its jacket and attempts to differentiate its apparatus from that patented by calling attention to the two openings in the jacket shown in the patent drawings for the entrance and exhaust of steam, and the fact that its own device contains no such openings and would not work if it had them. The patent claims, however, do not confine the invention to the specific form of apparatus shown in the patent drawings and does not mention such openings. Such openings were used in jackets shown in prior art patents cited above. We can see no reason why the vendor of claim 3 of the patent should be permitted to narrow the claim and thus escape the charge of infringement where the patented apparatus is used with steam generated therein, hence, not requiring the use of openings for the passage of steam.

We conclude that the decree should be affirmed as to the appellee Beauty Shop

Supply Company, Inc., on the ground that the patent as to it is invalid and that it should be reversed as to the other defendants from whom an accounting should be had and an injunction issued.