DOUGLASS et al. v. UNITED STATES APPLIANCE CORPORATION.

No. 12141.

United States Court of Appeals
Ninth Circuit.

Sept. 23, 1949.

Mellin & Hanscom, Oscar A. Mellin, Leroy Hanscom and Jack E. Hursh, San Francisco, Cal., for appellants.

Flehr & Swain, Paul D. Flehr, John F. Swain, San Francisco, Cal., for appellee.

Before GARDNER, Chief Judge (sitting by special designation), HEALY and ORR, Circuit Judges.

HEALY, Circuit Judge.

This appeal presents the question whether the estoppel running against an assignor of a patent to assert its invalidity extends to third persons who acquire by purchase other and later patents of the assignor found to infringe the assigned patent. We think in the present state of the law the question must be answered in the negative.

Ralph M. Keele made application for patent for a hair waving device and simultaneously for a valuable consideration assigned the application to appellee. On December 18, 1934, letters patent No. 1,984,585 issued to appellee on the application. Subsequently Keele devised another method and apparatus for hair waving, known as Koolerwave, and shortly afterwards entered into an agreement with Tomlinson I. Moseley for the promotion of this method, assigning a one-half interest therein to Moseley in consideration of the latter's agreeing to finance the development and patenting thereof. After a period of experimentation and development Keele applied for patents covering the device, and patents Nos. 2,187,473 and 2,187,474 were issued. In October, 1936, Keele and Moseley formed the Keelmo Company, and the two patents last above referred to (then in the form of applications) were assigned to it. In February, 1937 an exclusive license for the manufacture and distribution of these patented appliances was granted by the Keelmo Company to Rilling-Arnao Company, and the latter placed the Koolerwave apparatus extensively on the market.

In 1939 appellee brought suit against Keel Moseley, and the Keelmo Company, and also Beauty Shop Supply Co. (Rilling Arnao's western distributor), for infringement of letters patent No. 1,984,585. The trial of that case resulted in a dismissal on a finding that there was no infringement. On appeal (United States Appliance Corp. v. Beauty Shop Supply Co., et al., 121 F.2d 149) this court held the patent invalid for want of invention and affirmed the dismissal as to defendant Beauty Shop Supply Co. It decided, however, that Keele, Moseley, and the Keelmo Company were estopped from contesting the validity of the patent, held that their patented Koolerwave device infringed it, and ordered an accounting. In the proceeding for accounting an order was entered by the district court in May, 1944, awarding appellee one-half the royalties received by Keelmo under the two later Keele patents.

Meanwhile, in July, 1941, Keele had sold his stock in the Keelmo Company to one Soule. On May 21, 1943, the Keelmo Company sold and assigned to appellant Earl S. Douglass, for the sum of $4,000, the above mentioned patents Nos. 2,187,473 and 2,187,474, together with the Rilling-Arnao license. This circumstance becoming known to appellee, it moved in the accounting suit that it be awarded one-half the sum paid by Douglass, claiming that this amount was owing as its interest in the accountable profits of the Keelmo Company. The court granted the motion, amended its accounting order, and awarded appellee one-half the sales price of the two patents.[1] On January 1, 1945 Douglass, in consideration of the payment to him of $4,000, sold and assigned the two patents he had acquired from the Keelmo Company, together with the Rilling-Arnao license and royalties thereunder, to appellants Oscar A. Mellin and Walter Slack as

---

1. The judgment in the accounting action was affirmed by this court, 9 Cir., 155 F.2d 25.

joint tenants with right of survivorship. The amount paid by the latter to Douglass was furnished by Moseley with the understanding that Mellin and Slack would declare an irrevocable trust of the property and rights in favor of appellants Robin Moseley and T. Jefferson Moseley, minor children of Tomlinson I. Moseley. They accordingly executed such declaration.

In 1947 appellee brought the present suit against the several appellants here for infringement of the patent No. 1,984,-585. The complaint alleged that Douglass' purchase of the Keelmo patents, his continuing of the Rilling-Arnao license, and his subsequent sale of the patents and license to Mellin and Slack, plus the latters' acquisition and their continuance of the license, constitute acts of infringement. The answer denied infringement and asserted the invalidity of the patent sued on. Judgment was entered holding all appellants infringers of the patent and declaring all estopped to deny its validity.

Preliminarily, it is important to recall the precise limits of this court's holding in the former suit involving the patent. The licensee Rilling-Arnao was not a party, and the opinion did not discuss the question whether a licensee of an assignor labors under the same disability as the assignor himself. The court did observe that the contract between Rilling-Arnao and Beauty Shop Supply Co., which was held not estopped, failed to disclose an agency relationship; but this observation was merely in reply to the argument that such a relationship in fact existed and served, as a matter of law, to bring Beauty Shop Supply under the ban of the estoppel. The court did not rule on the question whether the argument would be valid if its premise had been correct. Moseley was held estopped on the ground that he had cooperated with Keele in developing the infringing Koolerwave device; and a like conclusion was reached as regards the Keelmo Company since the latter was the alter ego of the two individuals, having been formed by them for the purpose of advancing their interests in the device and being owned or controlled by the two in equal shares.

It is undisputed that in the present suit the court was right in holding appellant Tomlinson I. Moseley estopped to deny validity. Appellee argues that Moseley is the real party in interest here. It contends that Mellin and Slack and the Moseley children stand in the shoes of Tomlinson I. Moseley, since the latter gave Mellin and Slack the money with which the property was acquired from Douglass. No authority is cited for this proposition, and we are not prepared to accept it. Under the controlling local law it would seem that the corpus of the trust declared by Mellin and Slack should be regarded as an outright gift to the children. In Oyama v. State of California, 332 U.S. 633, 641, 68 S.Ct. 269, 273, 92 L.Ed. 249, the Supreme Court, on a survey of the California authorities, observed that "for most minors California has the customary rule that where a parent pays for a conveyance to his child there is a presumption that a gift is intended; there is no presumption of a resulting trust, no presumption that the minor takes the land for the benefit of his parent. When a gift is thus presumed and the deed is recorded in the child's name, the recording suffices for delivery, and, absent evidence that the gift is disadvantageous, acceptance is also presumed. Thus the burden of proving that there was in fact no completed bona fide gift falls to him who would attack its validity." Numerous local decisions are cited in support of the text.

Whether the appellants other than Tomlinson I. Moseley are estopped depends, then, on the strength of the general contention that the estoppel held effective against the assignor and his immediate associate extends to vendees such as Douglass and his successors in interest—all of whom, it must be remembered, acquired their interests long after Keele, the prime offender, had completely withdrawn from the enterprise. In effect the argument seems to be that the infringing device itself becomes an untouchable as regards all who acquire it with knowledge. Appellee cites no authority for so broad an application of the estoppel principle in the

 

patent field. The estoppel to deny validity has generally been thought of as a disability personal to the assignor and to joint venturers and sharers of his profits. Compare American Machinery Co. v. Everedy Mach. Co., D.C., 35 F.2d 526; Babcock & Wilcox Co. v. Toledo Boiler Works Co., 6 Cir., 170 F. 81; Trussed Concrete Steel Co. v. Corrugated Bar Co., D.C., 214· F. 393; and Macey Co. v. Globe-Wernicke Co., 7 Cir., 180 F. 401. As said in American Machinery Co. v. Everedy Mach. Co., supra, 35 F.2d page 528, "The estoppel doctrine extends to parties and privies. The word 'privity' implies co-operation, but it also includes the thought of sharing and of participation in profits." In applying the principle it has been the thought of the courts, not that a sweeping monopoly be perpetuated in a patent found invalid for want of invention, but rather that one who sells a patent and receives a consideration for it may not, to the detriment of the purchaser, be heard to say that the latter in reality bought a worthless thing. In Babcock & Wilcox Co., supra, 170 F. page 84, Judge Lurton, then on the Sixth Circuit, put the idea in this language: "The ground upon which the assignor of a patent is estopped, when sued for infringement, to deny the validity of the patent he has sold, is that, having received a valuable consideration, he may not derogate from his grant by denying that it had any value."

If the courts had not heretofore practiced restraint in their application of the estoppel principle in patent cases it would surely be their business to do so now in light of Scott Paper Co. v. Marcalus Mfg. Co., 326 U.S. 249, 66 S.Ct. 101, 90 L.Ed. 47. There the Court brought into the foreground the public interest in the free exploitation and distribution of appliances not truly the subject of a patent monopoly, relegating judicial concern as respects private good faith to an undefined and shadowy, but certainly a secondary, place. It is true that the alleged infringing device in that case was that of an expired patent, and the Court endeavored carefully to limit its holding to the immediate situation before it; but there can be no doubt that estoppel to question the novelty of a patented device must now be considered a doctrine of very limited validity.

There is another reason why appellee is not entitled to prevail. As already seen it demanded and received half the amount paid by Douglass on his acquisition from the Keelmo Company of the Keelmo patents and the Rilling-Arnao license. By its acceptance of the benefits of the transaction it must be held to have ratified the sale, and we think it may not now be heard to say that the rights and property acquired by Douglass were such as he and his successors were debarred from putting to any advantageous use. Compare Stebler v. Riverside Heights Orange Growers' Ass'n, 9 Cir., 214 F. 550. Appellee, upon learning of the sale, was in position to sue Douglass for infringement and could have elected that remedy; but having elected to ratify the sale it is in no better position than was the Keelmo Company to derogate the benefits flowing to the vendee.

The judgment is reversed as to all appellants except Tomlinson I. Moseley.