UNITED MERCHANTS AND MANU-
FACTURERS, Inc., and American &
Efird Mills, Inc., Plaintiffs,

v.

SIDNEY BLUMENTHAL & CO., Inc.,
Defendant.

Civ. A. No. 1822.

United States District Court
D. Rhode Island.

Oct. 17, 1957.

Barlow & Barlow, Providence, R. I.
(John P. McGann, New York City, Her-
bert B. Barlow, Jr., Providence, R. I., of
counsel), for plaintiff.

W. Saxton Seward, New York City,
Frank O. Lind, Jr., Woonsocket, R. I.,
(E. Seward Stevens, W. S. Seward, New
York City, of counsel), for defendant.

DAY, District Judge.

This is an action for infringement of
U. S. Letters Patent No. 2,526,523 grant-
ed to plaintiff United Merchants and
Manufacturers, Inc. as the assignee of
Weiss on October 17, 1950 for an alleged
improvement in "Yarns and Fabrics and
Methods of Making Same". Plaintiff,
American & Efird Mills, Inc., is the
owner and holder of an exclusive license
granted by the other plaintiff to practice
the so-called "wool embodiment" of the
invention claimed under the patent. The
defendant operates a mill in Valley Falls,
Rhode Island, where plaintiffs allege that
the infringement has occurred.

The plaintiffs seek an injunction
against further infringements of said
patent, an accounting for profits, dam-
ages and costs of suit. In its answer the
defendant denies the commission of any
acts of infringement within the District
of Rhode Island or elsewhere, admits
receipt of the notice of alleged infringe-
ment, and alleges that the patent is
invalid because (1) the alleged invention
claimed therein is substantially different
from that described in the application
for the patent and in the specifications of
the patent, (2) the specifications thereof
do not contain a written description of
the alleged invention and of the manner
and process of making and using it in
such full, clear, concise and exact terms
as to enable any person skilled in the
art to which it pertains to make and use
the same, (3) the claims thereof are
lacking in the requisite particularity and
(4) of prior art anticipation and want
of invention, etc. In support of its claims
of invalidity of the patent because of
prior art anticipation and want of inven-
tion the defendant in its answer cites
nineteen patents, both United States and
foreign, which were granted prior to the
Weiss patent.

The yarns made and sold by the de-
fendant are claimed to infringe claims
4, 6, 12, 14 and 19 of the patent. These
claims read as follows:

"4. Method of making composite
yarn resembling spun yarn which
includes the steps of twisting staple

fibers about a core portion of continuous filament nylon and shrinking the nylon core by means of heat while preventing any permanent adhesion between the core and the staple fibers."

"6. Composite yarn consisting essentially of a core portion made of continuous filament fibers selected from the group of polymerized synthetic resins consisting of nylon, polyacrylonitrile and a copolymer of vinyl acetate and vinyl chloride, and a wrapper for the core of staple fibers twisted about the core but not bonded thereto."

"12. Composite yarn comprising a wrapper of staple fibers twisted about a core portion of continuous filament nylon, but free of any permanent adhesion therewith."

"14. As a new article of manufacture, a textile yarn comprising a plating of wool yarn associated with a core thread consisting of a continuous synthetic polyamide filament, and further characterized in that the plating of wool yarn is freely disposed on said core thread filament."

"19. Method of making composite yarn resembling spun yarn which includes the steps of twisting wool fibers about a core portion of continuous filament fibers selected from the group of polymerized synthetic resins consisting of nylon, polyacrylonitrile and a copolymer of vinyl chloride and vinyl acetate to form a composite yarn and setting the yarn by means of heat while preventing any permanent adhesion between the core and the wool fibers."

Claims 4 and 19 are method claims; claims 6, 12 and 14 are product claims. While these several claims contain some repetition in terms and terminology, they are not identical. The product of the patent disclosed by the product claims is a composite yarn having a continuous filament core of nylon, orlon or vinyon and a wrapper or plating of wool or other staple fibers without any permanent adhesion between the core and wrapper or plating.

Claims 4 and 19 cover the Weiss method of making the composite yarn claimed to be the product of the invention. They include the steps of twisting the staple fibers about the continuous filament constituting the core, after which the core is shrunken by means of heat, the application of heat being restricted so as to prevent any permanent adhesion between the core and the wrapper or plating. Neither in the claims nor in the specifications is there any mention of a definite temperature to be employed in shrinking the core in order to set the filament yarn comprising the core in a fixed position. In the specifications Weiss in one instance says this result is to be obtained by heat treatments at "high temperatures" (column 2, lines 43 to 46); in another instance he says this result is obtainable by "conventional heat treatment" (column 3, lines 51 to 53).

The evidence adduced at the trial established that the defendant for many years prior to the issuance of the Weiss patent had made and sold core yarns with a continuous rayon filament and a wool wrapper; that in 1954 it began to manufacture and sell core yarns with a core of "Hellenca nylon" and a wrapper of wool; that "Hellenca nylon" is a patented product furnished to it by a supplier and that it is continuous filament nylon yarn that has been treated and preshrunk by its manufacturer before sale to the defendant and that no further shrinkage thereof is possible; that due notice was given to the defendant by the plaintiffs of their respective claims that the manufacture by it of core yarns the core of which is "Hellenca nylon" was an infringement of the Weiss patent and that defendant, despite that notice, continued its manufacture and sale.

Counsel for the plaintiffs concedes that core yarns are old, that they were made and sold many years before the grant of the Weiss patent. He also concedes that many varieties of materials, such as

cotton, rayon and silk, were employed as cores in core yarns prior to the issuance of said patent.

The basic question to be decided first by me is whether what Weiss did amounted to invention and whether the claims alleged to have been infringed are valid. Scant attention was paid by the parties, both during the trial and in their post trial briefs, to the method claims, Nos. 4 and 19. In my opinion these claims warrant little discussion by me.

They are vague and indefinite and fail to comply with the requirements of Title 35 U.S.C.A. § 112. In my opinion they are invalid.

But the plaintiffs contend vigorously that the substitution in a composite yarn of a core of continuous filament nylon for materials previously so used constituted invention and that accordingly claims 6, 12 and 14 are valid.

The test of patentability is clearly stated in Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, at page 330, 65 S.Ct. 1143, at page 1145, 89 L.Ed. 1644, where the Supreme Court said:

"A long line of cases has held it to be an essential requirement for the validity of a patent that the subject-matter display 'invention', 'more ingenuity * * * than the work of a mechanic skilled in the art.' (citing cases). This test is often difficult to apply; but its purpose is clear. Under this test, some substantial innovation is necessary, an innovation for which society is truly indebted to the efforts of the patentee."

Ordinarily the substitution of a modern material for other materials does not amount to invention and does not meet the test of patentability. United States Appliance Corp. v. Beauty Shop Supply Co., 9 Cir., 121 F.2d 149; Fowler v. Honorbilt Products, 3 Cir., 131 F.2d 153; Lincoln Stores v. Nashua Mfg. Co., 1 Cir., 157 F.2d 154; Martin v. Wyeth, Inc., 4 Cir., 193 F.2d 58; Pollard v. American Phenolic Corp., 4 Cir., 219 F.2d 360; George P. Converse & Co. v. Polaroid Corporation, 1 Cir., 242 F.2d 116; B. F. Goodrich Company v. United States Rubber Co., 4 Cir., 244 F.2d 468.

The plaintiffs place great reliance upon Lincoln Stores v. Nashua Mfg. Co., supra, because of the result reached therein by a majority of the Court. In that case, while recognizing the rule hereinbefore stated, the majority of the Court found sufficient reasons established by the evidence to warrant its departure from said rule and to hold that the substitution by the patentee of rayon fibers for wool in the core yarn employed in the manufacture of blankets constituted invention. But the majority of the Court in its opinion emphasized and pointed out that the result attained by Amory (the patentee) required more than the mere substitution of rayon fibers for wool fibers used by an earlier patentee in his invention.

In its opinion, 157 F.2d 154 at page 159, it said:

"* * * The attainment of the result reached by Amory required more than merely substituting rayon fibers for the wool fibers used by Neaves. The qualities of the two materials are vastly different. What would have resulted from a mere haphazard substitution is highly speculative. For years, men skilled in the art had endeavored to substitute rayon for wool in the manufacture of blankets with little success. That made it amply clear that such a substitution would not achieve the desired result without knowledge of the particular type of rayon fiber needed. Amory was the first to disclose that the fibers must be of relatively course denier and that they should be cut to a specific predetermined length. Without the disclosures made by Amory, we cannot say that a substitution would have been successful. Nor can we say that the substitution specified by Amory was apparent to a man skilled in the art. The many years of futile research and labor by men skilled

in the art is weighty evidence of this. * * *"

In addition the majority found that Amory's blanket "filled a long felt want and experienced considerable commercial success" (157 F.2d at page 162).

In my opinion Lincoln Stores v. Nashua Mfg. Co., supra, is clearly distinguishable on its facts from the instant case. Here the record is barren of any evidence that Weiss did anything more than to substitute a continuous filament of nylon for a similar filament of cotton, rayon or silk when nylon became commercially available. The feature that the core was not bonded to the wrapper, unlike the yarn produced under the Francis patent, No. 2,313,058, cited by the examiner, was clearly taught by several of the prior patents cited by the defendant. There is no evidence that the substitution of a continuous filament of nylon for materials previously used in making core yarns would not have been successful except for disclosures made by Weiss; nor is there any evidence that for years men skilled in the art had endeavored to substitute nylon for cotton, rayon or silk as the core in core yarns. Likewise, there is no evidence that a composite yarn with a core of continuous filament nylon with a wool wrapper "filled a long felt want and experienced considerable * * * success".

In my opinion Weiss did nothing more than to substitute a modern material, to wit, a continuous filament of nylon for a continuous filament of other materials and that this substitution did not constitute invention. Following the long use of cotton and rayon cores the use of continuous filament nylon cores became obvious to men skilled in the art when nylon became available commercially.

In arriving at this determination I recognize that the Weiss patent and its claims having been allowed by the Patent Office are presumed to be valid. But this presumption cannot survive in the face of undisputed facts showing there is no invention. General Motors Corp. v. Estate Stove Co., 6 Cir., 201 F.2d 645;

Fowler v. Sponge Products Corporation, 1 Cir., 246 F.2d 223.

Finding, as I do, that there was no invention by Weiss, I conclude that claims 6, 12 and 14 are invalid. My conclusion in this regard makes it unnecessary for me to consider the other contentions advanced by the defendant or whether the defendant has infringed any of said claims.

Judgment shall be entered in favor of the defendant.