45 C.C.P.A. (Patents).
**Application of Marlan E. BOURNS.**
**Patent Appeal No. 6318.**

United States Court of Customs
and Patent Appeals.
Feb. 18, 1958.

See also 252 F.2d 582.

Raymond W. Colton, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C., for the Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, and RICH, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office sustaining the Primary Examiner's final rejection of the single claim of appellant's application for a design patent on a potentiometer, on the ground of lack of invention over prior art.

The appealed claim is as follows:

"The ornamental design for a potentiometer, substantially as shown."

The references relied on are

Radio's Master Catalog, (c) 1944, page K–74, right hand side.

Harvey Radio & Electronic Equipment Catalog, (c) 1948, page J–74, "Key and phones outlet box" at bottom of right column.

Appellant's potentiometer is in the form of an elongated rectangular prism having square ends. A U-shaped channel member of slightly less length than the potentiometer is fitted around three of the long sides thereof and recessed into the body so that it is flush with it. The straight portions of the channel are slightly shorter than the width of the long sides of the potentiometer thus providing the effect of a border on three edges of two of those sides. An eyelet appears at each of the four corners of the channel member, and the head of a screw is located near a corner of one of the end surfaces of the potentiometer.

580

Radio's Master Catalog shows a capacitor in the form of a rectangular prism similar in shape to appellant's potentiometer but somewhat shorter in proportion to its transverse cross-sectional area. The capacitor is provided on one of its long sides with a label which appears, in one of the devices illustrated, to be of such size as to provide a border along at least two of the edges of the label.

The Harvey catalog shows an outlet box of rectangular form provided with two openings surrounded by circular borders which give an appearance generally similar to that of eyelets.

The board was of the opinion that, while appellant's device presented an appearance of neatness and efficiency not fully taught by the references, it did not involve a patentable design. The board pointed out that the features which distinguish appellant's design from the prior art result largely from functional considerations, and that since a potentiometer of the kind shown by appellant is normally concealed from view when used for its intended purpose, its appearance is not a matter of concern, and protection of such devices by design patents is not encouraged, citing In re Stevens, 173 F.2d 1015, 36 C.C.P.A., Patents, 1017. Regardless of that particular consideration, we do not think appellant has made an inventive contribution.

The proportions of appellant's device obviously result from considerations of utility rather than of appearance, while the screw head in one end and the eyelets in the side are also functional. Even the location of the eyelets at the corners of the channel member appears to be utilitarian, since those are the logical places for securing the channel to the potentiometer body. There is nothing in the appearance of the screw head or the eyelets to suggest that they were chosen on the basis of aesthetic considerations.

In view of the foregoing, it is clear that the only feature on which patentability as a design could be predicated is the provision of a channel member of such size as to provide the particular border above mentioned. In our opinion that feature involves nothing more than a selection which could be made by a skilled worker without the exercise of invention. Radio's Master Catalog shows a capacitor which closely approximates appellant's potentiometer in shape, and which has on one face a label and border giving a general impression similar to that created by appellant's channel. The exact size and arrangement of such a border, and the number of faces on which it appears, are obviously merely matters of choice.

Moreover, appellant's potentiometer appears to be an article which would ordinarily be purchased on the basis of performance rather than appearance. In our opinion, appellant's design does not satisfy the statutory requirement for patentability.

The decision of the Board of Appeals is, accordingly, affirmed.

Affirmed.

O'CONNELL, Judge (concurring).

I fully agree with the majority of the court that the design here involved is lacking in patentable merit. It is elementary that invention must be present in order to justify the granting of a design patent and that the standard of invention is not lower in the case of design patents than in others. In re Rousso, 222 F.2d 729, 42 C.C.P.A., Patents, 910, and cases there cited.

In our decision in In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823, we pointed out that a patent may properly issue only where the faculty of invention is exercised in the combining of prior art features to produce a new result and that a change only in form, proportions or degree is not ordinarily patentable.

In the recent case of United Merchants & Manufacturers, Inc., v. Blumenthal & Co., Inc., 156 F.Supp. 865, the United States District Court for the District of Rhode Island held that a substantial innovation, for which society is indebted to the inventor, must be disclosed to support the issuance of a patent, citing Sinclair

& Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644. There the Supreme Court clearly stated in 325 U.S. at page 330, 65 S.Ct. at page 1145, the established test of patentability:

> "A long line of cases has held it to be an essential requirement for the validity of a patent that the subject-matter display 'invention,' 'more ingenuity * * * than the work of a mechanic skilled in the art.' * * * This test is often difficult to apply; but its purpose is clear. Under this test, some substantial innovation is necessary, an innovation for which society is truly indebted to the efforts of the patentee."

In the instant case, the appellant's contribution clearly does not meet the test above set forth. As was properly held by the Board of Appeals, appellant's claim involves "no novel concept of design embellishment rising to the dignity of invention." On the contrary, it involves nothing more than a selection of features well within the skill of the ordinary worker in the art.

The conclusion which we have reached herein, and the reasons therefor, are nowise inconsistent with our decision in the case of In re Berger, 239 F.2d 397, 44 C.C.P.A., Patents, 714.

RICH, Judge (dissenting).

While not disagreeing with the board's holding that appellant's design "presents an appearance of neatness and efficiency that is not fully taught by the references," the majority finds that the design is not patentable. This conclusion is apparently predicated on the notion that each feature of the design, such as "the provision of a channel member of such size as to provide the particular border," the "exact size and arrangement of such a border, and the number of faces on which it appears," "the proportions of appellant's device," and "the location of the eyelets" are either the result of "considerations of utility" or "merely matters of choice."

Starting from the admissions that there is novelty in the design, that it is for an article of manufacture and that it is "ornamental" at least in the sense of presenting an appearance of neatness and efficiency (which to my mind is enough to meet that requirement) it remains only to decide whether the design "as a whole would have been obvious" under 35 U.S.C.A. Section 103. I think it would not and so I think it is patentable.

As to the holding that the design at bar is unpatentable because the selection and arrangement of its several elements are "merely matters of choice" or due to functional considerations, I would point out that the design of articles such as these potentiometers is always a mere matter of choice of size, shape, structure, materials, proportions, finishes and the like and that good modern design of the character the design patent statute should foster results from the felicitous union of function and the factors, not *dictated* by function, which create appearance.

Design must be judged solely by looking at the end result. Its presence or absence cannot be determined by a process of mental disassembly and comparison of parts with the prior art. To judge it against the prior art of record we should *look* at the appellant's design and at what the art shows and decide whether the latter would suggest the former. When this is done, what do we see? We see in Harvey's catalog an illustration of a "Key and Phones Outlet Box" which looks like a shallow receptacle outlet box as used for flush mounting in domestic wiring systems having a rectangular, flat cover plate in which are two phone jacks in alinement with the two mounting screws. The plate appears to have the common beveled edge of outlet receptacle cover plates bearing a decorative design. Nothing in it looks like anything in appellant's design except that the round holes in the jacks resemble the round holes in appellant's eyelets, about as trivial a resemblance as can be imagined. The other reference is a photo-

**582**

graph of three rectangular electrolytic capacitors in cardboard containers on one side only of which there appear to be printed labels coextensive with the faces to which they are attached. To me there is no resemblance to appellant's design other than the common characteristic of rectangularity. Not even the general proportions are the same.

Therefore, applying the simple and only possible test of similarity of overall appearance, it is clear to me that appellant's design is new and as a whole would not have been obvious to a designer familiar with the references relied on. I would reverse the board in this case for the same reasons we reversed and held patentable the design of the "Recess Bracket for Night Light" in In re Berger, 239 F.2d 397, 44 C.C. P.A., Patents, 714. I think we should be consistent.